UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL J. HUNTLEY,

        Plaintiff,

    v.

DR. SEVILLE, et al.,

        Defendants.

        No. C 08-5165 PJH (PR)

        **ORDER OF REMAND**

      This is a civil rights case that a state prisoner filed pro se in the California Superior Court for Del Norte County. Defendants removed it to this court under 28 U.S.C. § 1441(b), claiming that it presented issues arising under the United States Constitution.

      The court has a duty to examine sua sponte whether federal subject matter jurisdiction exists, and thus whether removal was proper. *See* 28 U.S.C. § 1447(c) (case to be remanded if federal court lacks subject matter jurisdiction)*; United Investors Life Insurance Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966-67 (9th Cir. 2004). In the Ninth Circuit, the removal statute, 28 U.S.C. § 1441, is construed strictly against removal jurisdiction. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir.1992).

      District courts have original jurisdiction over cases that arise under the laws of the United States. 28 U.S.C. § 1331. As a general rule, the "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S.

386, 392 (1987). A plaintiff may preclude removal by choosing not to plead federal claims. *Id.* at 399.

Plaintiff's claim is that defendants forced him to remain in a cell with a mentally-ill inmate who he feared would assault him. The cellmate did assault him, causing serious injuries, and he also claims that medical care for his injuries was inadequate.

The complaint is on a state form. Plaintiff has used the forms for "General Negligence" and "Intentional Tort," plus several form pages for "Exemplary Damages." In none of them does he so much as mention the United States Constitution, much less the Eighth Amendment, nor does he use words like "constitutional rights" or "federal law" or "federal claim."

In their notice of removal defendants cite three pages of the complaint as supporting their contention that plaintiff has pleaded constitutional claims. They say that on page one of the complaint plaintiff alleges that defendants' "deliberate indifference" caused his injuries. That page, however, is headed "First Cause of Action – General Negligence," and the relevant part of the allegation is that "[certain defendants] negligently, recklessly, carelessly . . . deliberate indifference wise caused the serious physical injury . . . ." The reference to "deliberate indifference" is made only in passing and as part of what is labeled a "[g]eneral [n]egligence" claim, clearly a state-law claim. And in any event "deliberate indifference" is not a federal claim in itself.

The other two pages that defendants' cite are pages nineteen and twenty-nine, on which defendants say "[p]laintiff . . . claims that Defendants did not provide him security and safety as is required by [state regulations] and the U.S. Constitution." The first of these, page nineteen, is headed "Exemplary Damages Attachment" and does not contain any reference to the Constitution. Page twenty-nine is in the copy of plaintiff's state tort claim which he has attached to the complaint, presumably to show administrative exhaustion for his state tort claims. On page three of the tort claim he says "Constitutional wise I am also suppose to be protected from violence by another prisoner . . .," and cites *Farmer v. Brennan*, 511 U.S. 825 (1994), a prominent United States Supreme Court opinion

1 regarding deliberate indifference to safety.  This reference is not in the complaint itself and
2 if anything supports the conclusion that plaintiff chose to omit a federal claim.  It shows he
3 knew how to claim a violation of his constitutional rights, and cite an appropriate case,
4 when he wanted to.  This makes it all the clearer that plaintiff did not intend to present a
5 federal claim in the complaint.

6      Because the complaint does not present a federal question, this court lacks subject
7 matter jurisdiction.  The case is **REMANDED** back to the Superior Court of California in and
8 for the County of Del Norte.  *See* 28 U.S.C. § 1447(c).  The clerk shall send a certified copy
9 of this order of remand to the state court clerk.  *See id.*  The clerk shall close this file.

10 **IT IS SO ORDERED.**

11 Dated:  November 20, 2008.

12                            PHYLLIS J. HAMILTON
                           United States District Judge

28 G:\PRO-SE\PJH\CR.08\HUNTLEY5165.REMAND.wpd

**United States District Court**
For the Northern District of California